## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** | : | **CIVIL ACTION** |
| **a/k/a NICHOLAS AND SUZANNE** | : | |
| **CATRAMBONE (H/W)** | : | |
| | : | |
| **v.** | : | **No. 15-5960** |
| | : | |
| **GENERAL MOTORS, LLC and** | : | |
| **SAAB CARS USA, INC.** | : | |

### <u>MEMORANDUM OPINION</u>

**Savage, J.**                                                      **September 14, 2016**

Nicholas and Suzanne Catrambone have petitioned to intervene in this subrogation action brought by Allstate Insurance Company to recover payments it made to them for fire damage under a homeowner's policy. Allstate sued General Motors, LLC and Saab Cars USA, Inc., alleging that the fire was caused by a defective vehicle manufactured by them. The Catrambones seek to intervene to assert their right to recover for losses that were not covered by the policy. Opposing the petition, General Motors argues that intervention at this late stage of the litigation would prejudice it.

Because permitting the Catrambones to intervene will protect their rights and extending the discovery deadline will prevent prejudice to General Motors, we shall grant the motion.

### Permissive Intervention Under Rule 24(b)

Rule 24 provides a means for parties to intervene in a case to preserve their rights. Intervention may be mandatory or permissive. Fed. R. Civ. P. 24(a) and (b). The Catrambones seek to intervene under Rule 24(b).

The party seeking permissive intervention must raise a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). Here, the Catrambones' claim shares common questions of law and fact with Allstate's action against General Motors. The Catrambones' unreimbursed losses arise out of the same fire damage as Allstate's losses do.[1] The cause of the losses is the same. The Catrambones raise the same negligence, breach of warranty, and strict liability claims against General Motors as Allstate does.[2]

Permissive intervention is subject to two conditions. First, the motion to intervene must be timely. Fed. R. Civ. P. 24(b)(1). Second, intervention must not "unduly delay" the proceedings or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Therefore, unless intervention would result in undue delay and prejudice to the parties, the Catrambones should be allowed to intervene.

*Timeliness*

In determining whether a petition to intervene is timely, we consider (1) the stage of the proceeding; (2) the reason for the delay; and (3) the prejudice that a delay in the proceeding may cause the existing parties. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder*, 72 F.3d 361, 369 (3d Cir. 1995); *Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir. 1976). Timeliness is determined on a case-by-case basis, considering all the circumstances. *NAACP v. New York*, 413 U.S. 345, 366 (1973).

The Catrambones filed their petition to intervene four days before the fact discovery deadline. General Motors argues that it would be prejudiced if intervention

---

[1] Mem. of Law in Favor of Pet. to Intervene (Doc. No. 26) at 2.
[2] *Id.* at 4.

were allowed because it was not given the opportunity to investigate the Catrambones' claims related to their unreimbursed losses before the discovery deadline expired.[3]

This action was filed by the Catrambones' insurance carrier to protect only its subrogation interest.  General Motors asserts that the Catrambones knew about the action from the time the suit was filed,[4] pointing to the Catrambones' statement that "[d]uring the pendency of this action, Allstate and Catrambone were disputing the amount of the loss."[5]  They were not engaged in a dispute with General Motors.  What notice of the action was actually given to the Catrambones while they were disputing the amount of the loss with Allstate is not known.  They were not deposed until recently, on August 11, 2016.  Hence, we are unable to determine how much of the delay in filing the petition, if any, is attributable to the Catrambones.

*Undue Delay and Prejudice*

If the case proceeds without the Catrambones, a verdict could have preclusive effect on their claim for the uncovered portion of the loss.  On the other hand, if intervention is permitted at this late stage, General Motors could be prejudiced because the discovery deadline has passed, depriving it of discovery of the Catrambones' damages.  Thus, whether intervention is allowed or not, a party will suffer prejudice.

Prejudice to General Motors can be avoided by allowing additional discovery limited to the Catrambones' claims related to their unreimbursed losses.  At the same time, the Catrambones' interest in the litigation will be protected.  Extending the fact discovery deadline to October 21, 2016 will not "unduly delay" the proceeding.  Nor will

---

[3] Gen. Motors LLC's Opp'n to Pet'rs Nicholas & Suzanne Catrambone's Pet. to Intervene (Doc. No. 29) at 8.
[4] *Id.*
[5] Pet. to Intervene (Doc. No. 26) at 2.

intervention "prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).   Therefore, under the unusual circumstances created by the subrogation nature of this case and the availability of a means for avoiding prejudice, we shall grant the petition to intervene.